# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GRACE AKINLEMIBOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03998-TWP-DML |
| | ) | |
| DOHARDMONEY.COM | ) | |
| d/b/a DO HARD MONEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(3) by Defendant Dohardmoney.com, doing business as Do Hard Money ("DHM") (Filing No. 12). Plaintiff Grace Akinlemibola ("Akinlemibola") filed this lawsuit to bring various tort claims as well as a breach of contract claim after her business relationship with DHM fell apart. DHM moved to dismiss the action based on improper venue because of an arbitration provision in the parties' contract. For the following reasons, the Court **grants** the Motion to Dismiss.

## I. BACKGROUND

Akinlemibola is an individual who lives in Brownsburg, Indiana. DHM is a Utah corporation that is based out of West Jordan, Utah. DHM is in the business of lending money for real estate ventures. Akinlemibola began a real estate business through her company, Grakin Corporation, and she wanted to use DHM as the lender for her properties (Filing No. 1 at 2).

Before signing a written agreement with DHM, Akinlemibola received assurances from DHM that she would be able to receive $1.25 million to help her with the cost of rehabilitating up to five properties. DHM would provide up to $250,000.00 for each property. *Id.* A representative

from DHM assured Akinlemibola that after she paid the $3,000.00 initial start-up fee she would have immediate access to a number of benefits offered by DHM. This included advice from senior advisors, products and services on DHM's website, and a tool ("Advanced Deal Analyzer") that allowed Akinlemibola to upload data about a property during or before negotiations to determine whether DHM could finance the prospective deal without Akinlemibola having to provide additional funds at closing. *Id.* at 2–3. Akinlemibola thought about the opportunity to obtain funding and services from DHM and decided to pursue the opportunity. She paid the $3,000.00 initial start-up fee and, in August 2017, signed DHM's written contract. However, she did not receive the amount of customer support that she would have liked. *Id.* at 3; Filing No. 12-1 at 6.

After paying the start-up fee and signing the contract, Akinlemibola began the negotiation process to purchase a property in Avon, Indiana, and asked to start the evaluation process with DHM to ensure that the property would be funded by DHM. She was told that the property needed to be under contract before an evaluation could be undertaken. By the time Akinlemibola was able to again contact the seller, the property already had sold (Filing No. 1 at 3).

Akinlemibola began negotiations on a different property in Crawfordsville, Indiana. She was able to negotiate the purchase price down to $200,000.00, but the property needed repairs that would cost $150,000.00, which is more than DHM normally would lend for a single property. Akinlemibola contacted DHM twice to seek funding approval, but DHM never responded. The property seller was wary of DHM's proof of funds letter and backed out of negotiations with Akinlemibola. *Id.* at 3–4.

DHM had informed Akinlemibola that she could use the Advanced Deal Analyzer tool to make sure specific properties could be funded through DHM. Akinlemibola began researching other properties and pursued a property in Indianapolis. She ran the property through DHM's

Advanced Deal Analyzer tool and used various figures to determine what offer she could make on the property without having to pay any of her own funds. Using DHM's tool, she determined that she could offer $77,000.00 as the purchase price for the property. Akinlemibola made an offer of $77,000.00 to purchase the property, and the next day, she learned that the seller would not reject the offer. *Id.* at 4–5.

Akinlemibola then tried to submit a loan application to DHM with the figures she had uploaded into the Advanced Deal Analyzer tool. However, the tool changed the amount of funding that Akinlemibola would be able to receive, reducing the amount available on a loan from $250,000.00 to $140,000.00, with Akinlemibola paying $11,000.00 out of her own pocket. She immediately contacted DHM to ask why the figures had changed from the day before. She provided the property address to DHM, and she was told that only one Advanced Deal Analyzer scenario was found in DHM's system, which gave the lower loan amount. Without being able to obtain funding on the property from DHM, Akinlemibola was unable to move forward with purchasing the property. *Id.* at 5–6.

Roughly two months after signing the contract with DHM, on October 31, 2017, Akinlemibola filed her Complaint against DHM, asserting claims for breach of contract, fraud, negligence, promissory estoppel, and tortious interference with economic advantage. *Id.* at 7–8. DHM then filed its Motion to Dismiss, arguing improper venue based on an arbitration clause in the parties' contract.

## II.     LEGAL STANDARD

When a party moves for dismissal on the basis of improper venue because of an arbitration clause, courts have determined that Federal Rule of Civil Procedure 12(b)(3) is the appropriate

3

rule to apply. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007).

"When considering a motion to dismiss, the district court ordinarily assumes the truth of all well-pleaded allegations in the plaintiff's complaint. But this rule is less absolute when considering a motion to dismiss under Federal Rule 12(b)(3) than under Rule 12(b)(6)." *Deb v. Sirva, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016) (citation omitted). "Under Rule 12(b)(3), which allows for dismissal for improper venue, the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Id.* at 809. "Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* "It is appropriate, then, for [the court] to consider the evidence submitted with the motion." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810 (7th Cir. 2011). Furthermore, "we have held that a motion to dismiss based on a contractual arbitration clause is appropriately conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3)." *Id.* at 807 (citations and quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

> However, it is also well established that pro se litigants are not excused from compliance with procedural rules. The Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

4

*Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017) (citations and punctuation marks omitted).

### III.    DISCUSSION

DHM asks the Court to dismiss this action based on the arbitration provision in the parties' contract. Akinlemibola entered into a contract with DHM on August 18, 2017, which allowed Akinlemibola to obtain funding from DHM to finance real estate ventures. The parties' contract included an arbitration clause, which states:

> **11. ARBITRATION.** All disputes, controversies or claims arising from or relating to this agreement shall be submitted to binding arbitration in accordance with the applicable rules of the American Arbitration Association then in effect. Information about the American Arbitration Association, its rules, and its forms are available from the American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York, 10017-4065. Any arbitration hearings will take place in Salt Lake County, State of Utah. The prevailing party shall be reimbursed by the other party for any and all costs associated with the dispute arbitration, including attorney fees, collection fees, investigation fees, travel expenses.

([Filing No. 12-1 at 4](#).)

DHM argues that, despite this clear arbitration clause, Akinlemibola improperly filed this lawsuit in the Southern District of Indiana alleging various claims arising out of her attempts to secure financing from DHM via the contract to purchase and renovate properties in Avon, Crawfordsville, and Indianapolis, Indiana. DHM argues that Akinlemibola's claims, each arising from and relating to the contract, fall squarely within the purview of the arbitration provision. Thus, DHM asserts, this action must be dismissed.

Akinlemibola responds by arguing that dismissal is inappropriate because DHM's Motion was filed after DHM "appear[ed] before this Court **twice** – on two separate occasions – <u>and</u> fil[ed] two separate Motions to Extend Time. Defendant has waived their right to object to venue as this objection was not made as their first responsive pleading." ([Filing No. 16 at 1](#).)

DHM replies that Akinlemibola's argument incorrectly interprets the Federal Rules of Civil Procedure and that, under Rule 12(b), "[a] motion asserting any of these defenses [12(b)(1)–(7)] must be made before pleading if a responsive pleading is allowed." DHM asserts that, because it filed its Motion to Dismiss before its responsive pleading was due, per the two extensions granted by the Court, its Motion to Dismiss for improper venue was timely filed. The Motion to Dismiss was filed before any Answer or other responsive pleading, and under the Rule 7 of the Federal Rules of Civil Procedure, a motion for enlargement of time is not a responsive pleading.

DHM is correct in its observation that a motion for enlargement of time is not a responsive pleading. Additionally, an attorney appearance also is not a responsive pleading. Therefore, filing attorney appearances and motions for enlargement of time do not waive a defendant's ability to file a Rule 12(b)(3) motion. *See Martin v. United States*, 2014 U.S. Dist. LEXIS 94954, at *9 (C.D. Ill. July 14, 2014) ("Neither the filing of an appearance nor a Motion for Extension of Time to Answer waives the defense of insufficient service of process so long as the defendant raises the defense in the first responsive pleading or in a pre-pleading motion."). DHM filed its Motion to Dismiss before any responsive pleading, and thus, the Motion is properly before the Court.

The contract and tort claims asserted in Akinlemibola's Complaint unquestionably arise from and relate to the contract that the parties entered into on August 18, 2017. As the contract unambiguously states, "All disputes, controversies or claims arising from or relating to this agreement shall be submitted to binding arbitration." ([Filing No. 12-1 at 4](#).) Therefore, the Court concludes that dismissal is appropriate on the basis of improper venue because of the contractually agreed upon arbitration clause.

## IV. CONCLUSION

For the foregoing reasons, DHM's Motion to Dismiss (Filing No. 12) is **granted**, and this action is **dismissed without prejudice**. Dismissal for improper venue is without prejudice because it is not an adjudication on the merits. Fed. R. Civ. P. 41(b); *see also In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011). Akinlemibola may decide whether to pursue her claims through arbitration. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 9/19/2018

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Grace Akinlemibola
966 Grayson Trail
Brownsburg, IN 46112

Nicholas Ward Levi
KIGHTLINGER & GRAY, LLP
nlevi@k-glaw.com

Mark McConnell Riffle
KIGHTLINGER & GRAY, LLP
mriffle@k-glaw.com